IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
MAGISTRATE JUDGE GUDRUN RICE

Case No. 05-CR-00467-LTB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

9.    JOSHUA RODRIGUEZ,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and
REASONS FOR ORDER OF DETENTION

---

    This matter was before the Court for a detention hearing on January 5, 2006, and continuing on January 10, 2006.  Wyatt B. Angelo represented the Government and Marna Lake represented the Defendant, who was present.  The Court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the Government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably ensure the Defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably ensure the safety of any other person or the community.

    If there is probable cause to believe that the Defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or a crime of violence, or certain crimes involving children, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18 U.S.C. § 3142(g) directs the Court to consider the

following factors in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including -

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the court's file and the pretrial services report, and has considered the testimony of case agent Chad Schmitt, the evidence submitted by the Government, the proffer of the Defendant and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Defendant has been charged in the Indictment under 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(A); knowingly and intentionally conspiring to possess with intent to distribute, and to distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; and 21 U.S.C. § 843(b) and 18 U.S.C. § 2; knowingly using a communications facility that is, a telephone, in committing and in causing and facilitating the commission of an act or acts constituting one or more felonies, to wit: the conspiracy as alleged in Count One, in violation of Title 21, United States Code, § 846, and the possession with intent to distribute cocaine, in violation of Title 21, United States Code, § 841(a)(1).

Second, Count I of the Indictment is punishable by NLT 5 years, NMT 40 years imprisonment; $2,000,000.00 fine, or both.  Count I of the Indictment is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act.  Accordingly, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

Third, a grand jury has determined that probable cause exists that the Defendant committed the charged offenses.

Fourth, the Defendant was born in Grand Junction, Colorado and is 28 years old.  The Defendant has resided in Colorado for approximately 25 years and has strong family and community ties to Grand Junction, Colorado.  The Defendant has four children who reside with their mother.  The Defendant's mother, grandmother, cousins, aunts and uncles also reside in Grand Junction. Prior to his arrest, the Defendant was employed for two weeks by Minister Terry Lawrence, albeit not earning a salary during that period of time.  The Defendant reported no assets, has a child support obligation and reported that he is approximately $5,000 behind in paying child support.

Fifth, the Defendant has an extensive juvenile and adult criminal history including several failures to appear at court dates as ordered.  The Defendant, *inter alia*, pled guilty to felony harassment on January 19, 2000 and was sentenced to 18 months in the Department of Corrections which sentence was suspended in part.  On January 12, 2001 the Defendant admitted to violating the terms of his probation and the remainder of the Department of Corrections sentence was reimposed, plus parole.  Pending state charges against the Defendant include felony possession of two or more financial transaction devices; felony possession with intent to distribute a controlled substance; misdemeanor third degree assault; misdemeanor child abuse; and misdemeanor violation of protection order.  The crimes charged in the Indictment are alleged to have occurred while the Defendant was on release pending trial under state law.  The Defendant has been arrested using the following alias names: Jose Sanchez, Joshua Lugardo Sanchez, Sanches Rodriguez and Joshua Lugardo Sanches.

Finally, while I am aware that the Defendant has strong ties to the community of Grand Junction and an offer of employment by his minister, I find that his family ties and potential employment are not sufficient to rebut the presumption of detention, particularly in light of the criminal history of the Defendant.

## CONCLUSIONS

As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or conditions for release will reasonably assure the safety of the community. I further find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant. Furthermore, the Defendant has failed to rebut the presumption of detention.

Accordingly, it is hereby

ORDERED that Defendant shall be committed to the custody of the Attorney General or his designee for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal. It is further

ORDERED that Defendant shall be afforded reasonable opportunity for private consultation with counsel. It is further

ORDERED that upon an order of a Court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with any Court proceeding in this matter.

Arraignment and discovery conference is scheduled in this matter for Thursday, January 19, 2006 at 11:30 a.m. in Grand Junction, Colorado.

Dated:   January 11, 2006, nunc pro tunc January 10, 2006.

BY THE COURT:

s/ Gudrun Rice

Gudrun Rice
United States Magistrate Judge